**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Chabrowski, et al., | No. CV-17-03867-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Bank of New York Mellon Trust Company NA, et al., | |
| Defendants. | |

Plaintiffs Anna and Darius Chabrowski ("Plaintiffs") have moved for reconsideration (Doc. 62) of the Court's January 8, 2019 Order (Doc. 60). Plaintiffs ask the Court to reconsider (1) dismissal of Count I of their first amended complaint and (2) the denial of their motion to amend their complaint. As explained below, the motion will be denied.

**DISCUSSION**

I. <u>Legal Standard</u>

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). However, motions for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Indeed, reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Accordingly, a

motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

II. Analysis

   A. **Dismissal of Count I**

Plaintiffs ask the Court to reconsider the dismissal of Count I of their first amended complaint. Count I sought a declaration that "Defendants are barred from conduc[t]ing [a] trustee sale due to Arizona's Statute of Limitations." (Doc. 32 ¶¶ 33-42.) Plaintiffs' claim was premised on the allegation that Bank of America accelerated Plaintiffs' home loan in 2009 and, because the loan was never decelerated, the six-year statute of limitations established by A.R.S. § 12-548 expired. (*Id.* ¶¶ 23, 33.) The Court dismissed Count I because "Plaintiffs have not alleged sufficient facts to state a plausible claim that Bank of America accelerated their loan in 2009, causing the statute of limitations to begin to run. The FAC does not allege any facts regarding how Bank of America accelerated the loan or why Plaintiffs believed the loan was accelerated, and Plaintiffs have stipulated to the judicial notice of documents showing that Bank of America didn't even obtain an interest in their loan until 2011." (Doc. 60 at 12.)

In their motion for reconsideration, Plaintiffs merely rehash the arguments they made in their response to Defendants' motion to dismiss and present no new facts or law. First, they argue that Bank of America accelerated their loan in 2009, which is "clearly evident in the county land records." (Doc. 62 ¶ 4.) But the county land records to which Plaintiffs refer show that Bank of America didn't obtain an interest in Plaintiffs' loan until 2011, which contradicts Plaintiffs' allegation.[1]

Plaintiffs also point to an allegation in their complaint that they received a notice from Defendant Bank of New York stating: "the monthly installment of principal and

---

[1] Ordinarily, the Court doesn't consider matters outside the pleadings on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). But the Court may take judicial notice of facts outside the pleadings when they are "matters of public record." *Id.* Here, Plaintiffs didn't oppose (Doc. 38) Defendants' request (Doc. 35) for the Court to take judicial notice of the county land records at issue.

interest became due on 4/1/2009, including late charges and all subsequent monthly installments of principal and interest." (Doc. 62 ¶ 7.) But this allegation doesn't indicate the loan was accelerated by Bank of America—it shows when monthly installments became due. Because Plaintiffs haven't demonstrated that the Court committed "manifest error," nor have Plaintiffs introduced any new facts or law, the Court will deny Plaintiffs' request to reconsider the dismissal of Count I.

B.     **Denial of Leave to Amend**

Plaintiffs also ask the Court to reconsider the denial of their request for leave to file a second amended complaint. (Doc. 62 at 5-7.) The Court denied this request because Plaintiffs had already been afforded an opportunity to amend and their prior "attempts to amend their complaint in a piecemeal fashion . . . appear to be dilatory tactics to avoid foreclosure." (Doc. 60 at 17.)

In their motion for reconsideration, Plaintiffs clarify that their "final amendment would include a removal of . . . Count II through Count IV," which would allow them to present "a much simplified and narrow-based complaint that concentrates solely on the declaratory relief as it applies to the [statute of limitations]" and provide more "facts regarding how Bank of American accelerated the loan." (Doc. 62 ¶¶ 15-17.) However, Plaintiffs don't identify any new facts regarding the acceleration issue that might cure the deficiencies in Count I. Nor do Plaintiffs cite any new legal authority that they didn't already bring before the Court in their response to Defendants' motion to dismiss.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 62) is **DENIED**.

Dated this 15th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge